thank you thank you all right our final case for this morning is Nicholas Barrett against Andrew Saul Commissioner of Social Security and we have mr. Forbes and mr. Alicia so mr. Forbes you may proceed thank you your honor may it please the court I represent the disability claimant in this case I did not represent the claimant at the administrative level or at the district court level essentially a lot views this case as one in which the ALJ's analysis of the affluence pain is is the critical element here SSR 16 3p provides administrative guidance but essentially the law says if there's if pain is disabling it can be disabled it can be the basis of disability but if there's objective objective medical evidence that provides a basis for the pain then that is provides for even more credibility here what is most troubling is that the the main pain generator was problems with the tibia talar joint which is the most important ankle joint it's it's where they what the weight bearing starts it's the big bone of the foot and the and the first big ankle bone and and there were some real problems with that that were brought up by imaging studies and I know that I'm parsing words depth our words with the ALJ here but they're they are really important words because they described the degree of damage and the ALJ leaves out of the discussion the fact that it was marked degenerative change of the tibia talar joint with soft tissue edema present and later on under the other imaging the ALJ leaves out the word and and assessing the appellant's pain like the most important words in the whole record it seems and leaving those words out in the decision almost looks like the the judicial process or the administrative judicial process was done backwards in other words the evidence was cherry-picked and then form formulated in order to support the conclusion rather than let the conclusion arise from the evidence could I just suggest maybe another way of looking at this I want you to tell me whether that's valid and also what we're to make of it because reading through the ALJ his opinion there are various comments I think the ALJ believes that Mr. Barrett is in pain from his foot but there's a degree question and is this so much pain that he can't actually sustain regular work or or not and is he exaggerating somehow and there are a lot of questions of judgment in there so the ALJ is looking at things like you know his failure to seek out specialist care they mentioned at one point the kind of pain medications he's taking the ALJ sees this is something where maybe his subjective complaints don't have enough of a grounding in objective medical evidence now certainly there's objective evidence there's this whole reconstruction of the foot that had to happen but the kind of evidence all over the block in the end the ALJ distills from it a finding that that he can actually still function that sounds like a question of judgment to me and the kind of thing maybe we defer to the ALJ on if the ALJ had identified the or put into the opinion the words marked and significant in the analysis of the most and then and then conducted a fair explanation as to why the ALJ reached the conclusion that was reached then I would agree with you your honor didn't grapple with the evidence as it was yes your honor and the main point was when he's testifying about his pain and the fact that he has to sit in the recliner and elevate that foot if the imaging is looked at from the view that that's correct then the word significant mark really means something and so that's that's where we're at your honor thank you very much I'll reserve the rest of my time all right thank you mr. Alicia thank you very much I apologize I'm still not sure what happened may it please the court Brian Alicia on behalf of the defendant Appley the Commissioner of Social Security the only narrow issue that mr. Barrett raises on appeal is the ALJ's evaluation of his subjective allegations concerning left ankle pain however the ALJ cited substantial record evidence that is applied to the relevant regulatory factors for assessing mr. Barrett subjective complaint ALJ explained how the objective medical evidence mr. Barrett's treatment history his statements to medical providers regarding the effectiveness of his medication and physician opinions and other factors did not support the degree to which mr. Barrett stated his left ankle pain affected him he acknowledged positive findings but she also found that mr. Barrett had largely unremarkable physical examinations and she noted that in his most recent exams with his treating physician dr. Gindi he no tenderness and normal range of motion in his left ankle she considered mr. Barrett's treatment history consisting of medication from dr. Gindi considered the record medical opinions including those from dr. Bolinski and dr. Byrd so mr. Alicia can I ask you it seems to me at least theoretically possible that you could have a normal range of motion in a particular joint and yet you might still experience pain when you are engaged in that motion so how do those two link up well in in physical exam mr. Barrett in the most recent physical exam for the record mr. Barrett did not show tenderness in his ankle so the doctors instead you're saying the doctors were not writing down you know he could rotate his ankle but he was wincing or he displayed signs of pain when doing so I believe that dr. Gindi and his physician assistant mr. Olivier noted that he had no tenderness and my that indicates to me no tenderness to the touch in his left ankle and if he had normal range of motion I would think that they would say normal range of motion but with pain because they did talk about tenderness in earlier examination and they also talked about mild swelling but there were several exams where mr. Barrett did not show tenderness and showed normal range of motion in his left ankle does range of motion include weight-bearing I mean I can imagine sticking my foot out in the air and wiggling it around that's one thing but I could also imagine being asked you know to walk for 15 minutes and that would perhaps be something different well in his consultative exam with yeah he was able to walk unassisted although he did have an intelligent gate he was able to walk unassisted and the consulting physician dr. Chapa stated that mr. Barrett did not need an assistive device and the ALJ device right didn't he normally use a cane or sometimes a chair he testified to that but any of the treatment notes concerning his physical impairment don't mention his use of an assistive device and he didn't there's no indication that he produced medical documentation showing the need for it and describing the circumstances under which would be needed which would have been required under Social Security ruling 96 9p okay and mr. Barrett narrow argument on appeal also primarily relies on his narrow focus concerning the imaging of his left ankle he claims that the ALJ ignored an entire line of evidence when she did not specifically mention every finding in discussing the results of a left ankle x-ray and CT scan and he concludes that because the ALJ didn't specifically mention every result in these images it can be inferred that there is actual residual potential capacity was far more restrictive than the ALJ found but there are two problems with this the ALJ considered the very images that Barrett claims she overlooked and Barrett argument wrongly places the burden of production on the ALJ to he ignores that the ALJ analyzed every exam in the record and and especially noted the more recent exams showing no tenderness and normal range of motion in his left ankle that's the ALJ did not unfairly discuss the evidence from the record when she did not specifically mention every finding in the imaging studies we also have dr. Byrd state agency reviewing physician bird who provided her opinion when these imaging these images were in the record and the ALJ found that dr. Byrd and dr. Belinsky opinions limiting mr. Barrett to two hours standing were reasonable and she assessed additional limitations from there so there's no record physician indicating greater limitations than those imposed by the ALJ conversely mr. Barrett narrowly focuses on these images without mentioning the ALJ evaluation of each physical exam on the record and the review of the imaging that he speaks of finally we would argue that mr. Barrett has waived any arguments that he raised before the district court but chose not to raise before this court and he did not file a reply in this case unless there are any questions the commissioner would respect the request that for these reasons and those set forth in our brief we would request that the court affirm the decision all right I see no questions so thank you very much mr. Forbes anything additional Apple wants not arguing that the judge didn't look at the at all the different areas of evidence we are arguing that by leaving out what the judge left out that says something really significant when you leave out the word significant or marked that's a big deal so you're saying she looked at it but but inaccurately somehow right given the judge to benefit of the doubt to dismiss the most important words in the two imaging things that that we're looking at pain waxes and wanes they catch him on a good day he might have full range of motion although I'm not quite sure how you can have full range of motion with the with the type of surgeries he had and the and the hardware that's in his feet so it could very well have been although I don't know that this is in the record but it could very well have been if they're twisting that ankle around in a full range of motion they're the other the other point is that sometimes when we think about ankles we just think I was just an ankle I know a lot of us have ankle sprains or subluxations but when and when an ankle gets injured like the appellant's ankle gets injured and it takes three surgeries to try to reconstruct it and and you and it involves putting in of hardware things are never right and so the final point is that this is a guy who worked at least enough to earn a guys who work like that don't quit if there's any way they can get back into the workforce and this guy you couldn't get back there so you've got that basis that credibility basis combined with the imaging that talks about how bad off this ankle joint is and all of a sudden his testimony that he has to sit and this foot that that becomes quite meaningful and it's and the ALJ despite all of the efforts that were put into this decision I think left out for whatever reason the the key evidence that which would back up the appellant's testimony and that certainly is good grounds for a remand thank you thank you your honor all right well thank you thanks also to mr. Alicia the court will take this case under advisement and we will be in recess